UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY R. CASTILLO, | No. 2:22-cv-00588-TLN-AC |
| Plaintiff, | |
| v. | **ORDER** |
| MICK GEISSER, et al., | |
| Defendants. | |

This matter is before the Court on Defendants Mick Geisser, Gabriel Hollingshead, Maris Goldsborough, and Robert Thompson's (collectively, "Defendants") Motion to Dismiss.  (ECF No. 5.)  Plaintiff Rudy Castillo ("Plaintiff") filed an opposition.  (ECF No. 8.)  Defendants filed a reply.  (ECF No. 11.)  For the reasons set forth below, the Court GRANTS in part and DENIES in part Defendants' motion.

///
///
///
///
///
///
///

1

## I.     FACTUAL AND PROCEDURAL BACKGROUND[1]

On April 1, 2020, Plaintiff was driving home with his girlfriend and children in his vehicle. (ECF No. 1 at 4.) When Plaintiff arrived at his residence, he parked his vehicle on the front lawn. (*Id.*) After Plaintiff parked, his girlfriend and children exited the vehicle. (*Id.*) Shortly thereafter, Plaintiff was approached by Officer Geisser who was in an unmarked vehicle and wearing plain clothes. (*Id.*) After a short confrontation between Geisser and Plaintiff, Geisser exited his vehicle and displayed his badge. (*Id.*) Plaintiff alleges Geisser demanded Plaintiff to identify himself and Plaintiff refused. (*Id.* at 5.) Subsequently, Officer Hollingshead arrived at the scene in response to Geisser's request for backup. (*Id.*) Plaintiff alleges he was walking towards his home to shut the door, but he was interrupted by Hollingshead. (*Id.*) Plaintiff was then detained by Geisser and Hollingshead. (*Id.* at 5–7.) Shortly after Plaintiff's detention, Officers Goldsborough, Tegeler,[2] and Thompson arrived to assist with the investigation. (*Id.* at 7.) Plaintiff alleges Geisser directed Goldsborough and Tegeler to check on the wellbeing of Plaintiff's girlfriend. (*Id.* at 7, 9.) In response, both Goldsborough and Tegeler entered the backyard of Plaintiff's residence without permission. (*Id.* at 10.) Ultimately, Plaintiff was arrested and prosecuted for a violation of California Penal Code § 148(a)(1) for resisting, obstructing, and delaying peace officers in the performance of their duties. (*Id.* at 13.) The criminal charges were later dismissed. (*Id.*)

Plaintiff filed the operative Complaint on April 1, 2022. (*Id.*) Plaintiff alleges the following claims: (1) a 42 U.S.C. § 1983 ("§ 1983") claim for unconstitutional seizure against Geisser and Hollingshead; (2) a § 1983 claim for unreasonable detention against Geisser and Hollingshead; (3) a § 1983 claim for unconstitutional search against all Defendants; (4) a § 1983 claim for a violation of Plaintiff's due process rights against all Defendants; and (5) a § 1983

---

[1]     The following recitation of facts is taken, sometimes verbatim, from the allegations in the Complaint.

[2]     Defendants assert the Court should dismiss claims against Officer Tegeler because he is now deceased. (ECF No. 5-1 at 2; ECF No. 11 at 1.) Plaintiff does not address claims against Tegeler in his opposition. Because the Court concludes Plaintiff fails to allege viable claims against Tegeler, the Court need not and does not address the issue further at this time.

1    claim for deprivation of liberty based on evidence fabrication against Geisser.  (*Id.* at 14–17.)

2    Defendants filed the instant motion to dismiss on August 1, 2022.  (ECF No. 5-1.)

3         **II.    STANDARD OF LAW**

4         A motion to dismiss for failure to state a claim upon which relief can be granted under

5    Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint.

6    *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain

7    "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

8    Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in

9    federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the

10   grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal

11   citation and quotations omitted).  "This simplified notice pleading standard relies on liberal

12   discovery rules and summary judgment motions to define disputed facts and issues and to dispose

13   of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

14        On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

15   *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every

16   reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

17   *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

18   "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

19   relief."  *Twombly*, 550 U.S. at 570 (internal citation omitted).

20        Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

21   factual allegations."  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

22   While Rule 8(a) does not require detailed factual allegations, "it demands more than an

23   unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A

24   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

25   elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

26   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

27   statements, do not suffice.").  Thus, "[c]onclusory allegations of law and unwarranted inferences

28   are insufficient to defeat a motion to dismiss" for failure to state a claim.  *Adams v. Johnson*, 355

3

F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).  Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680.  While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).  If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (citation omitted).

### III.   ANALYSIS

Defendants move to dismiss all of Plaintiff's claims.[3]  (ECF No. 5-1 at 2.)  The Court will address each claim in turn.  However, because of the similarities between Claims One and Two, the Court will address those claims together.

[3]   Defendants argue that to the extent Plaintiff sues Defendants in their official capacities, the Complaint fails to allege sufficient *Monell* claims.  (ECF No. 5-1 at 9–10.)  Defendants also note that Plaintiff lists the City of Dixon in the header of his Complaint but does not allege any claims against the City and does not have sufficient allegations to state a *Monell* claim against the City in any event.  (*Id.*)  Plaintiff does not address these arguments in his opposition.  Absent any argument from Plaintiff on these issues, the Court assumes Plaintiff is not suing the City of Dixon, nor is he suing Defendants in their official capacities.  *See Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (where an opposition fails to address arguments in a motion to dismiss, the plaintiff failed to demonstrate a continuing interest in pursuing a claim for relief and it was "effectively abandoned").

4

A. <u>Claims One and Two</u>

In Claims One and Two, Plaintiff alleges a claim for "unconstitutional seizure" and "unreasonable detention," respectively. (ECF No. 1 at 14–15.) Both claims seem to be based on the same arrest. (*Id.*)

In moving to dismiss those claims, Defendants argue Plaintiff's false arrest claims are barred due to Plaintiff's admitted violation of the City of Dixon's Municipal Code § 9.01.020(W) ("§ 9.01.020(W)"), which created probable cause for Plaintiff's arrest.[4] (ECF No. 5-1 at 4.) Section 9.01.020(W) states that "[s]toring, parking, keeping, or maintaining of operative vehicles, boats, vessels, trailers, or camper shells on any portion of a required front yard area other than the driveway or immediately adjacent paved driveway extension" is considered a public nuisance. Further, § 9.01.030 states as follows:

> Every nuisance condition found to exist on any premises is declared to be unlawful. In addition to all other remedies available to the City, whether criminal, civil, at law or in equity, any nuisance may be abated by the enforcement officer, Police or Fire Department personnel, or any other appropriate City staff as designated by the City Manager in the manner provided in this chapter or in any other manner provided by law.

Defendants alternatively contend that Plaintiff's refusal to identify himself to the officers constituted probable cause for his arrest as a violation of California Penal Code § 148(a)(1) ("§ 148(a)(1)"), which prohibits resisting, delaying, or obstructing a peace officer. (*Id.* at 5.)

In opposition, Plaintiff argues Claim One is based solely on the unconstitutional seizure for the alleged violation of § 148(a)(1) as he "was not seized, cited, or arrested for a violation of any municipal code." (ECF No. 8 at 1.) Plaintiff argues there was no probable cause for his

---

[4]      Defendants request the Court take judicial notice of City of Dixon Municipal Code §§ 9.01.020(W) and 9.01.030. (ECF No. 5-2.) Plaintiff does not oppose Defendant's request. Under Federal Rule of Evidence 201(b), "The [C]ourt may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Further, the Court may take judicial notice of matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Because these sections of the Dixon Municipal Code are public records that can be readily determined from sources whose accuracy cannot reasonably be questioned, the Court GRANTS Defendants' request for judicial notice of those sections.

arrest pursuant to § 148(a)(1) because he was not required to provide identification under that statute.  (*Id.* at 2.)  Plaintiff argues Claim Two survives for the same reasons.  (*Id.*)

The existence of probable cause bars a false arrest claim.  *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964 (9th Cir. 2001) ("A claim for unlawful arrest is [not] cognizable under § 1983" if the arrest was based on "probable cause or other justification.").  "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."  *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

In paragraph 15 of the Complaint, Plaintiff alleges he parked his vehicle on the front lawn of his residence, which appears to constitute a violation of § 9.01.020(W).  (ECF No. 1 at 4.)  Defendants persuasively argue that Plaintiff's violation of § 9.01.020(W) established probable cause to justify the arrest — regardless of whether that was the stated reason for the arrest.  *See Edgerly v. City & Cnty. of S.F.*, 599 F.3d 946, 954 (9th Cir. 2010) ("Because the probable cause standard is objective, probable cause supports an arrest so long as the arresting officers had probable cause to arrest the suspect for any criminal offense, regardless of their stated reason for the arrest."); *see also Wren v. United States*, 517 U.S. 806, 813 (1996) (upholding a "pretextual" stop because "[s]ubjective intentions play no role in ordinary . . . Fourth Amendment [probable cause] analysis.").  Plaintiff fails to cite authority to the contrary or address this argument in any meaningful way.

In addition to probable cause for the municipal code violation, Plaintiff's allegations also arguably establish probable cause for the § 148(a)(1) violation.  In paragraph 22 of the Complaint, Plaintiff alleges that Geisser ordered him to provide identification and Plaintiff refused.  (ECF No. 1 at 5.)  Multiple federal courts, including the Supreme Court, have interpreted the law as authorizing officers to arrest individuals for failing to provide identification during an investigation.  *Vanegas v. City of Pasadena*, 46 F.4th 1159, 1166–1169 (9th Cir. 2022) (collecting cases); *United States v. Landeros*, 913 F.3d 862, 869 (9th Cir. 2019) ("In some circumstances, a suspect may be required to respond to an officer's request to identify herself, and may be arrested if she does not.").  Additionally, California state courts have found that an individual's refusal "to

6

1   identify himself to an officer who is writing a citation to that person for an infraction offense . . .

2   can be the basis for a finding that the person resisted, obstructed, or delayed an officer in violation

3   of [§ 148(a)(1)]." *People v. Knoedler*, 44 Cal. App. 5th Supp. 1 (2019).  Again, Plaintiff fails to

4   cite authority to the contrary or sufficiently respond to Defendants' arguments.

5          In sum, although the Court must take Plaintiff's allegations as true and draw reasonable

6   inferences in his favor at this stage, Plaintiff's factual allegations seem to establish probable cause

7   for violations of both § 9.01.020(W) and § 148(a)(1), either of which appear to justify his arrest

8   and negate his false arrest claims.  Plaintiff's poor briefing fails to persuade the Court otherwise.

9   Although the Court has serious doubts about Plaintiff's ability to plead viable claims, the Court

10  will give Plaintiff an opportunity to amend.  *Lopez*, 203 F.3d at 1130.

11         Accordingly, the Court GRANTS Defendants' motion to dismiss Claims One and Two

12  with leave to amend.

13                      B.  Claim Three

14         In Claim Three, Plaintiff alleges Defendants unconstitutionally searched Plaintiff's person

15  and residence.  (ECF No. 1 at 15.)  Defendants argue that the Complaint is devoid of facts

16  indicating that the officers conducted any search of Plaintiff's person or that Geisser,

17  Hollingshead, or Thompson participated in a search of Plaintiff's residence.  (ECF No. 5-1 at 6.)

18  In opposition, Plaintiff argues paragraph 81 of the Complaint is sufficient to state his claim.

19  (ECF No. 8 at 2.)  Paragraph 81 states: "On April 1, 2020, GOLDSBOROUGH, TEGELER,

20  GEISSER, HOLLINGSHEAD, THOMPSON, and DOES 1-50, inclusive, unconstitutionally

21  searched Plaintiff's person and residence without probable cause. . .."  (ECF No. 1 at 15.)  The

22  Court agrees with Defendants that paragraph 81 is conclusory.  Plaintiff has not cited — nor can

23  the Court locate — any factual allegations indicating that any Defendant participated in a search

24  of Plaintiff's person or that Geisser, Hollingshead, or Thompson participated in a search of

25  Plaintiff's residence.  *See Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002) ("[A] plaintiff

26  [cannot] hold an officer liable because of his membership in a group without a showing of

27  individual participation in the unlawful conduct.").

28  ///

Further, Defendants admit that Plaintiff alleges Goldsborough intruded into Plaintiff's backyard without permission to locate Plaintiff's girlfriend.  (ECF No. 5-1 at 6 (citing ECF No. 1 at ¶ 46).)  Defendants argue, however, that exigent circumstances justified the warrantless entry and Goldsborough was lawfully exercising his community caretaking function.  (*Id.* at 6–7.) Defendants' arguments are premature.  A Rule 12(b)(6) motion tests only the legal sufficiency of the complaint.  *Navarro*, 250 F.3d at 732.  The Court concludes Plaintiff's allegations about Goldsborough's search of the backyard without permission is sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).

Accordingly, the Court DENIES Defendants' motion to dismiss Claim Three with respect to Plaintiff's claim that Goldsborough unlawfully searched Plaintiff's backyard.  The Court GRANTS Defendants' motion to dismiss Claim Three with leave to amend in all other respects.

## C.   Claim Four

In Claim Four, Plaintiff alleges Defendants violated his due process rights.  (ECF No. 1 at 16.)  Defendants construe this claim as a malicious prosecution claim and argue probable cause for Plaintiff's arrest bars such a claim, there are no allegations to rebut the presumption of prosecutorial independence, the Complaint does not establish causation, and the allegations constitute an impermissible shotgun pleading.  (ECF No. 5-1 at 8–9.)  In opposition, Plaintiff argues probable cause is a question of fact and the alleged fabrication of evidence by Geisser in paragraphs 32 through 39 of the Complaint are sufficient to rebut prosecutorial independence. (ECF No. 8 at 3.)  Plaintiff does not address Defendants' remaining arguments.

Although Defendants construe Claim Four to be a malicious prosecution claim, the actual basis for the claim is unclear.  Claim Four broadly alleges Defendants violated Plaintiff's due process rights based on the "wrongful seizure and search, detention, and prosecution."  (ECF No. 1 at 16.)  These allegations are vague and conclusory, and there are no factual allegations for the Court to discern the legal basis for the claim and how each Defendant is liable.  *See Hughey v. Camacho*, No. 2:13-cv-02665-TLN-AC, 2014 WL 5473184, at *4 (E.D. Cal. Oct. 23, 2014); *see also McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996) ("[P]laintiffs would be well advised

1    to . . . focus on linking their factual allegations to actual legal claims."). The Court also notes that

2    Plaintiff's opposition fails to address the elements of Claim Four or cite legal authority to aid the

3    Court in determining whether Plaintiff has stated a viable claim. (ECF No. 8 at 3.)

4         Accordingly, the Court GRANTS Defendants' motion to dismiss Claim Four with leave to

5    amend.

6               D.  Claim Five

7         In Claim Five, Plaintiff alleges a due process claim based on evidence fabrication against

8    Geisser. (ECF No. 1 at 17.) Defendants argue Plaintiff failed to identify specific fabricated

9    evidence and, regardless of the fabricated evidence, Plaintiff's claim is barred by the existence of

10   probable cause. (ECF No. 5-1 at 9.) In opposition, Plaintiff argues paragraphs 32 through 39 of

11   the Complaint are sufficient to show Geisser fabricated evidence. (ECF No. 8 at 3.) Plaintiff also

12   argues probable cause is a question of fact for the trier of fact. (*Id.* at 4.)

13        "To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the

14   defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the

15   plaintiff's deprivation of liberty." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017) (internal

16   citations omitted). In the instant case, it appears that Defendants are contesting the existence of

17   causation. (ECF No. 5-1 at 9.) To establish causation, Plaintiff must demonstrate: (1) "the injury

18   would not have occurred in the absence of the conduct"; and (2) "the injury is of a type that a

19   reasonable person would see as a likely result of the conduct in question." (*Id.*)

20        The Court agrees with Defendants that the Complaint lacks sufficient factual allegations

21   demonstrating that the alleged fabricated evidence caused Plaintiff's deprivation of liberty. While

22   paragraphs 32 through 39 allege specific fabrications by Geisser, Plaintiff has not explained how

23   those fabrications caused his harm.

24        Accordingly, the Court GRANTS Defendants' motion to dismiss Claim Five with leave to

25   amend.

26   ///

27   ///

28   ///

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss (ECF No. 5) as follows:

1. The Court GRANTS Defendants' Motion to Dismiss Claim One with leave to amend;

2. The Court GRANTS Defendants' Motion to Dismiss Claim Two with leave to amend;

3. The Court DENIES Defendants' Motion to Dismiss Claim Three with respect to Plaintiff's claim that Goldsborough unlawfully searched Plaintiff's backyard and GRANTS Defendants' Motion to Dismiss Claim Three with leave to amend in all other respects;

4. The Court GRANTS Defendants' Motion to Dismiss Claim Four with leave to amend; and

5. The Court GRANTS Defendants' Motion to Dismiss Claim Five with leave to amend.

Plaintiff may file an amended complaint not later than thirty (30) days from the electronic filing date of this Order.  Defendants shall file a responsive pleading not later than twenty-one (21) days after Plaintiff files an amended complaint.  If Plaintiff opts not to file an amended complaint, this case will proceed on the remaining claim in the Complaint (Claim Three as to Goldsborough's search of Plaintiff's backyard), and Defendants shall file an answer not later than twenty-one (21) days from Plaintiff's deadline for filing an amended complaint.

IT IS SO ORDERED.

DATED:  January 31, 2023

Troy L. Nunley
United States District Judge