UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY R. CASTILLO,<br><br>    Plaintiff,<br><br>    v.<br><br>MICK GEISSER, et al.,<br><br>    Defendants. | No. 2:22-cv-00588-TLN-AC<br><br>**ORDER** |

This matter is before the Court on Defendant Mick Geisser's ("Officer Geisser" or "Defendant") Motion to Dismiss.[1] (ECF No. 17.) Plaintiff Rudy R. Castillo ("Plaintiff") filed an opposition. (ECF No. 18.) Defendant filed a reply. (ECF No. 20.) For the reasons set forth below, the Court hereby GRANTS Defendant's motion.

///

///

///

///

///

---

[1] The sole remaining Defendant, Officer Maris Goldsborough, did not join in this motion and instead filed an Answer. (ECF No. 16.)

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court need not recount all background facts, as they are set forth fully in the Court's February 1, 2023 Order. (ECF No. 12.) In short, Plaintiff alleges Defendants engaged in unconstitutional conduct that led to Plaintiff's arrest and prosecution. (ECF No. 14.) Plaintiff filed the instant action on April 1, 2022. (ECF No. 1.) Plaintiff filed the operative First Amended Complaint ("FAC") on March 3, 2023, alleging the following 42 U.S.C. § 1983 claims: (1) a Fourth Amendment claim for unconstitutional search against Officer Goldsborough; and (2) a claim for "violation of Plaintiff's constitutional rights" against Officer Geisser.[2] (ECF No. 14 at 13–14.) Defendant filed the instant motion to dismiss on March 22, 2023. (ECF No. 17.)

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

---

[2] The Court previously denied Defendants' motion to dismiss the claim against Officer Goldsborough and granted Defendants' motion to dismiss the claim against Officer Geisser with leave to amend. (ECF No. 12 at 10.)

relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted). If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (citation omitted).

///

3

### III. ANALYSIS

Defendant moves to dismiss Claim Two for two reasons. (ECF No. 17-1 at 1.) First, Defendant argues the basis for Claim Two is unclear because Plaintiff's allegations are vague and conclusory. (*Id.* at 3–4.) Second, Defendant argues that to the extent Claim Two is meant to be a Fourteenth Amendment deliberate fabrication claim, such a claim fails because there are no allegations to show causation and there was probable cause for Plaintiff's arrest. (*Id.* at 4–5.)

In dismissing the prior version of this claim from the original Complaint, the Court warned Plaintiff that his allegations were vague and conclusory and that the Court was unable to discern the legal basis for the claim. (ECF No. 12 at 8 (citing *Hughey v. Camacho*, No. 2:13-CV-2665-TLN-AC, 2014 WL 5473184, at *4 (E.D. Cal. Oct. 23, 2014); *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996)).) The Court also noted that Plaintiff failed to address the elements of his claim or cite any legal authority to aid the Court in determining whether Plaintiff stated a viable claim. (ECF No. 12 at 9.)

The Court agrees with Defendants that the basis for Claim Two remains unclear. The FAC repeats the same facts as the original Complaint and then presents Claim Two generically as a claim for "Violation of Plaintiff's Constitutional Rights." (ECF No. 14 at 14.) Rather than clarify the precise legal basis for Claim Two, the FAC vaguely alleges Defendant violated Plaintiff's "due process rights" as provided by the Fourth, Fifth, Sixth, and Fourteenth Amendments. (*Id.*) Plaintiff then states in his opposition that he does *not* bring claims under the Fifth or Sixth Amendment and that Claim Two is brought under the Fourth Amendment for unconstitutional search and malicious prosecution.[3] (ECF No. 18 at 1.) However, Plaintiff again fails to discuss the elements of his purported claims or cite any legal authority to guide the Court in determining whether Plaintiff states a viable claim. Plaintiff instead summarily argues "there are factual allegations in the FAC for the [C]ourt to discern the legal basis for the claims and how Defendant Geisser is liable." (ECF No. 18 at 1.) The Court disagrees. Plaintiff is represented by

---

[3] Plaintiff indicates the Fourteenth Amendment is implicated only insofar as it incorporates the Fourth Amendment to apply against the states. (ECF No. 18 at 1.)

4

counsel, and it is not the Court's responsibility to glean a coherent argument from Plaintiff's filings.  It also bears mentioning that the Court gave Plaintiff clear guidance on the deficiencies in the original Complaint.  For example, Plaintiff argues in his opposition that there are sufficient allegations that Defendant fabricated evidence.  (ECF No. 18 at 2.)  In its prior order, the Court noted that if Plaintiff intended to bring an evidence fabrication claim, he must establish the elements of such a claim as set forth in *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017).[4] (ECF No. 12 at 9.)  Despite the Court's guidance, Plaintiff does not address those elements in any of his filings, nor does he appear to be asserting such a claim.

Accordingly, the Court GRANTS Defendant's motion to dismiss Claim Two.  Because Plaintiff failed to cure the deficiencies cited by the Court and there is no indication he will cure those same deficiencies in an amended complaint, the Court will not give Plaintiff an opportunity to amend the FAC.

### IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss without leave to amend.  (ECF No. 17.)  The case will proceed on the sole claim in the FAC against Defendant Goldsborough, who has already filed an answer.

IT IS SO ORDERED.

Date:  October 10, 2023

_____
Troy L. Nunley
United States District Judge

---

[4] "To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." To establish causation, Plaintiff must demonstrate: "(1) the injury would not have occurred in the absence of the conduct; and (2) the injury is of a type that a reasonable person would see as a likely result of the conduct in question."  *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017).

5