UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY R. CASTILLO,<br><br>Plaintiff,<br><br>vs.<br><br>MARIS GOLDSBOROUGH,<br><br>Defendant. | No. 2:22-cv-00588-TLN-AC<br><br>**FINAL PRETRIAL ORDER**<br><br>Trial Date: March 30, 2026<br>TIME: 9:00 a.m. |

This Court held a Final Pretrial Conference on January 22, 2026.  Plaintiff Rudy R. Castillo is represented by Justin Tabayoyon.  Defendant Maris Goldsborough is represented by Derick Konz and Jacob Graham.  After the hearing, the Court makes the following findings and orders:

## I. JURISDICTION / VENUE

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this case involves federal claims brought pursuant to 42 U.S.C. §§ 1983 and 1988.

Venue is appropriate in the Eastern District of California, Sacramento Division, under 28 U.S.C. § 1391(b) and (c).

///

1

**II.     SETTLEMENT CONFERENCE**

At the Final Pretrial Conference, both parties agreed to attend a settlement conference. The Court scheduled a settlement conference to occur before Magistrate Judge Carolyn K. Delaney **on March 2, 2026 at 9:30 a.m.** via Zoom.

**III.    JURY OR NON-JURY TRIAL**

The parties have demanded a jury trial.  Accordingly, this matter shall be tried before a jury.  The Court shall empanel eight (8) jurors.

**IV.     UNDISPUTED FACTS**

Plaintiff and Defendant submitted their own versions of undisputed facts in the joint pretrial statement.  (ECF No. 31 at 2–4.)  Both versions are listed below.

Plaintiff

1. Plaintiff Rudy R. Castillo was, at all relevant times, a resident of Dixon, Solano County, California, living at 871 West A Street, Dixon, California.

2. On April 1, 2020, Mr. Castillo was driving his Chevy truck with his girlfriend, Jeanna Nunes, in the passenger seat and their children in the back seat.

3. Plaintiff Castillo parked his Chevy truck on the front lawn of his residence.

4. Jeanna Nunes exited Plaintiff Castillo's Chevy truck and went inside his residence.

5. Mick Geisser was at all relevant times a police officer employed by the City of Dixon Police Department. Geisser was acting under color of law and in the course and scope of employment.

6. On April 1, 2020, Geisser made contact with Plaintiff Castillo in the front yard of Castillo's residence at 871 West A Street, Dixon, California.

7. Defendant Maris Goldsborough responded to Geisser calling and arrived thereafter.

8. Defendant Maris Goldsborough was at all relevant times a police officer by the City of Dixon Police Department. Defendant Goldsborough was acting under color of law and in the course and scope of employment.

///

///

9. Defendant Goldsborough entered the fenced backyard of Plaintiff Castillo's residence at 871 West A Street, Dixon, California, and remained there for approximately 1 minute and 14 seconds.

10. Geisser detained Plaintiff Castillo, placed him in handcuffs, arrested him, and transported him to the Dixon Police Department.

11. On April 2, 2020, the Solano County District Attorney's Office filed Criminal Case No. FCR351673 against Plaintiff Castillo arising from this incident; the case was dismissed without conviction on June 28, 2021.

Defendant

1. On April 1, 2020, Sergeant Goldsborough was on-duty and working for the City of Dixon Police Department.

2. At around 10:20 a.m., Sgt. Goldsborough heard a radio broadcast requesting assistance at 871 West A Street in Dixon, California.

3. Upon arrival at the scene, he was provided information from Detective Geisser that a truck had abruptly turned off the road and drove up onto the front lawn of the residence and that a woman had fallen out of the truck as it came to a stop and then fled into the backyard of the residence.

4. Detective Geisser told Sgt. Goldsborough that they needed to contact the woman to ensure that she was okay and investigate whether a domestic violence incident had occurred.

5. Sgt. Goldsborough, along with Lieutenant Tegeler, entered the sideyard to conduct a welfare check on the woman and investigate whether a domestic violence incident had occurred.

6. Upon locating her, they attempted to explain that they were checking on her well-being.

7. The woman responded confrontationally, told Sgt. Goldsborough and Lt. Tegeler that she was not injured, and demanded that they leave.

8. Sgt. Goldsborough and Lt. Tegeler left the backyard.

9. At no time while in the backyard did they search any items or move anything.

3

10. Sgt. Goldsborough was in the sideyard/backyard for approximately 1 minute.

**V.      DISPUTED FACTUAL ISSUES**

Plaintiff asserts the following disputed facts are relevant to whether Defendant had an objectively reasonable basis to believe an actual or imminent injury was unfolding and whether his reliance on information from Officer Geisser was reasonable under the totality of the circumstances.  (ECF No. 31 at 4.)

1.  Whether Jeanna Nunes, Plaintiff Castillo's girlfriend, exited the vehicle in a manner that caused her to fall onto the ground.

2.  Whether Geisser made false or misleading statements to dispatch or in his police reports regarding the events at Plaintiff Castillo's residence.

3.  Whether Geisser intentionally fabricated claims that Plaintiff Castillo's girlfriend fell from the vehicle.

4.  Whether Geisser intentionally fabricated claims that Jeanna Nunes appeared distressed.

5.  Whether Officer Geisser intentionally fabricated claims that Jeanna Nunes was the potential victim of domestic violence in order to justify detaining Plaintiff Castillo and entering his property without a warrant.

6.  Whether Goldsborough was aware of Geisser's fabrications.

7.  Whether Geisser and Goldsborough falsely reported that they believed Jeanna Nunes was the victim of domestic violence based on claims that she fell from the vehicle and appeared distressed, in order to justify entering Plaintiff's backyard without a warrant and detaining him.

8.  Whether Plaintiff Castillo engaged in conduct, such as arguing with Jeanna Nunes, physically intimidating her, or otherwise acting aggressively, that could have reasonably led officers to believe she was the victim of domestic violence.

9.  Whether Plaintiff Castillo raised his voice, made physical gestures, or otherwise acted in a way toward Ms. Nunes that could be perceived by the officers as aggressive.

10. What conduct, if any, occurred between Plaintiff Castillo and Jeanna Nunes on April 1, 2020 that officers interpreted - or misinterpreted - as possible domestic violence.

4

Defendant contends Plaintiff's disputed facts are mostly irrelevant because the only claim must be based on what Defendant knew at the time he decided to enter the yard.  (*Id.* at 6.) Defendant contends there are no relevant facts genuinely in dispute other than the extent of Plaintiff's injury.  (*Id.*)

## VI.    **DISPUTED EVIDENTIARY ISSUES & MOTIONS IN LIMINE**

The Court sets the filing deadline for motions in limine as March 9, 2026, with opposition briefs due by March 16, 2026, and reply briefs due by March 23, 2026. The Court set a hearing to rule on the motions in limine to take place on March 30, 2026 at 9:00 a.m. in Courtroom 2 before Judge Troy L. Nunley.

## VII.    **SEPARATE TRIAL OF ISSUES**

The parties agree that a separate trial of any issue is not feasible or advisable due to the nature and extent of disputed factual issues.

## VIII.    **WITNESSES**

The parties' lists of prospective witnesses are memorialized in the Joint Final Pretrial Conference Statement and are incorporated herein.

A.    No other witnesses will be permitted to testify unless: (1) the party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Final Pretrial Conference, or (2) the witness was discovered after the Final Pretrial Conference and the proffering party makes the showing required in section B below.

B.    Upon the post-pretrial discovery of witnesses, the attorney shall promptly inform the Court and opposing parties of the existence of the unlisted witnesses so that the Court may consider at trial whether the witnesses shall be permitted to testify.  The evidence will not be permitted unless: (1) the witnesses could not reasonably have been discovered prior to pretrial; (2) the Court and opposing counsel were promptly notified upon discovery of the witnesses; (3) if time permitted, counsel proffered the witnesses for deposition; and (4) if time did not permit, a reasonable summary of the witnesses' testimony was provided by opposing counsel.

///

**IX.    EXHIBITS — SCHEDULES AND SUMMARIES**

Plaintiff's and Defendant's lists of proposed exhibits are memorialized in the Joint Final Pretrial Conference Statement and are incorporated herein.

Plaintiff's exhibits shall be listed numerically.  Defendant's exhibits shall be listed alphabetically.  The parties shall use the standard exhibit stickers provided by the Court Clerk's Office: pink for Plaintiff and blue for Defendant.  After three letters, note the number of letters in parenthesis (i.e., "AAAA(4)") to reduce confusion during the trial.  All multi-page exhibits shall be fastened together and each page within the exhibit shall be numbered.  All photographs shall be marked individually.  The list of exhibits shall not include excerpts of depositions which may be used to impeach witnesses.

Each party may use an exhibit designated by the other.  In the event that Plaintiff and Defendant offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is first identified.  The Court cautions the parties to pay attention to this detail so that all concerned will not be confused by one exhibit being identified with both a number and a letter.

A.    The Court will not permit introduction of other exhibits unless: (1) the party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Scheduling Conference, or (2) the exhibit was discovered after the Pretrial Scheduling Conference and the proffering party makes the showing required in paragraph "B" below.

B.    Upon the post-pretrial discovery of exhibits, the attorneys shall promptly inform the Court and opposing counsel of the existence of such exhibits so that the Court may consider at trial their admissibility.  The exhibits will not be received unless the proffering party demonstrates: (1) the exhibits could not reasonably have been discovered prior to pretrial; (2) the Court and counsel were promptly informed of their existence; (3) counsel forwarded a copy of the exhibit(s) (if physically possible) to opposing counsel.  If the exhibit(s) may not be copied, the proffering counsel must show that he or she has made the exhibit(s) reasonably available for inspection by opposing counsel.

///

C.      As to each exhibit, each party is ordered to exchange a copy identical to the Court's copy, or other reproduction of the exhibit(s) in a three-ring binder(s) **no later than March 23, 2026.**

D.      The attorney or representative for each party is directed to present one copy of the exhibit(s) and exhibit list to the Court Clerk's Office, **no later than 3:00 p.m., on March 23, 2026**, or at such earlier time as may be ordered by the Court.  The Court shall be presented with a copy of the exhibit(s) in a 3-ring binder(s) with a side tab identifying each exhibit by number or letter.  Each binder shall be no larger than three inches in width and have an identification label on the front and side panel.

E.      It is the duty of counsel to ensure that witnesses have access to a copy of exhibit(s) if needed.

**X.      DISCOVERY DOCUMENTS**

A.      Lodging Deposition Transcripts and Video Files

It is the duty of counsel to ensure that any deposition transcripts which are to be used at trial have been lodged with the Clerk of the Court **not later than March 23, 2026**.  Counsel are cautioned that a failure to discharge this duty may result in the Court precluding use of the deposition or imposition of such other sanctions as the Court deems appropriate.

B.      Use of Depositions

The parties are ordered to file with the Court and exchange between themselves **not later than March 23, 2026**, a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

C.      Interrogatories and Admissions

To the extent the parties intend to offer or read into evidence any portions of Answers to Interrogatories or Admissions, a statement designating those discovery responses shall also be filed and exchanged **not later than March 23, 2026** (except portions to be used only for impeachment or rebuttal).

///

///

7

## XI.    FURTHER DISCOVERY OR MOTIONS

Pursuant to the Court's Pretrial Scheduling Order, all discovery and law and motion was to have been conducted so as to be completed as of the date of the Final Pretrial Conference. That Order is confirmed.  The parties are free to engage in informal agreements regarding discovery and law and motion matters.  However, any such agreements will not be enforceable in this Court.

## XII.    AGREED STATEMENTS — JOINT STATEMENT OF CASE

**Not later than March 23, 2026**, the parties shall file a short, joint statement of the case to be read to the jury at trial.

## XIII.    PROPOSED JURY INSTRUCTIONS, VOIR DIRE, VERDICT FORM

A.    Jury Instructions

Counsel are directed to meet and confer and to attempt to agree upon a joint set of jury instructions.  Counsel shall use the Ninth Circuit Model Jury Instructions and any revisions. Alternate instruction or authority may only be used if a Ninth Circuit Model Jury Instruction is unavailable.  All instructions shall be, to the extent possible, concise, understandable, and free from argument.  *See* Local Rule 163(c).  **Parties shall also note that any modifications of instructions from statutory authority, case law or from any form of pattern instructions must specifically state the modification by underlining additions and bracketing deletions.** Pursuant to Local Rule 163, jury instructions shall be filed with the Court **not later than March 23, 2026.**

If the parties are unable to agree to a joint filing, the parties may submit separate filings.

B.    Verdict Form

The parties must file a joint verdict form(s) concurrently with proposed jury instructions **not later than March 23, 2026**.  If necessary, a special verdict or interrogatories shall be included for all factual disputes submitted to the jury that must be resolved before questions of law can be decided, and for any other issue on which specific responses are desired.  *See* Local Rule 163(e).

If the parties are unable to agree to a joint filing, the parties may submit separate filings.

8

C.      Voir Dire

The parties shall submit proposed voir dire questions to the Court.  The Court reserves the right to conduct all examination of prospective jurors.  Pursuant to Local Rule 162.1, the voir dire questions shall be filed with the Court **not later than March 23, 2026**.

If the parties are unable to agree to a joint filing, the parties may submit separate filings.

## XIV.   AUDIO/VISUAL EQUIPMENT

The parties are required to notify the Courtroom Deputy Clerk, Michele Krueger, **twenty-one (21) days before trial**, if they wish to reserve and arrange for orientation with all parties on the Court's mobile audio/visual equipment for presentation of evidence.  There will be one date and time for such orientation.

## XV.    DATE AND LENGTH OF TRIAL

Trial is scheduled for **Monday, March 30, 2026**.  The estimated length of trial is three to four days, and the Court will allow up to four (4) days for trial.  The parties are to email Michele Krueger, Courtroom Deputy Clerk, at mkrueger@caed.uscourts.gov or call 916-930-4163 by **March 23, 2026,** to ascertain the status of the trial date.

## XVI.   TIME LIMITS FOR OPENINGS, CLOSINGS, AND REBUTTAL

The Court grants Plaintiff 15 minutes for opening, 15 minutes for closing, and 5 minutes for rebuttal.  The Court grants Defendant 15 minutes for opening and 15 minutes for closing.

## XVII. OBJECTIONS TO PRETRIAL ORDER

Each party is granted **fourteen (14) days** from the entry of this Final Pretrial Order to object to any part of the order or to request augmentation to it.  A Final Pretrial Order will be modified only upon a showing of manifest injustice.  If no objection or modifications are made, this Order will become final without further order of the Court and shall control the subsequent course of the action, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Date: January 22, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

9